OPINION of the Court, by
Ch. J. Boyle.
This is an appeal by the plaintiffs in an action of ejectment, from a judgment in favor of the defendants. The parties claim under distinct grants from the commonwealth, bearing date on the same day ; but the one from which the plaintiffs derive title, stands recorded on the regis--tcr’s books prior to that under which the defendants claim. This circumstance is insisted on by the plaintiffs as giving them a superiority of title.
file case of Talbot vs. Calloway, Hard. 36, has settled this point. It is in that case decided that it is necessary, in order to support an ejectment, that the plaintiff’s grant should be of elder date than that of the defendant. That decision we conceive to be correct in principle. The law* did not require that grants from she commonwealth should be recorded by the register *130 in regular succession according to the priority of their dates, and it is known that in practice the priority ol dares was disregarded in admitting them to records The circumstance, therefore, that the grant from which the plaintiffs derive tide stands upon the register’s books prior to the one under which the defendants claim, furnishes no presumption that it was anteriorly signed by the governor, and sealed with the seal of the commonwealth, which is the consummation oí the title. As then the patents were of equal date, and no circumstance was shewn from which it could he inferred that the one ought to be preferred to the other, the defendants, ac-cciding to the maxim fnchor cst conditio poaidentis^ ought to prevail.
, Th^defVnagnC In ejfji*:Ti2n: imy ttereac the action bv proving a iubfjiting title cut of the plaintirt, al - though not in hirnteU»
Where the grants beareven cate, it is fuf-fident if the defendants ihew that their pos-feiTion is con-fiilent with one of the grants and by confent of the patentee, without deriving a legal ts-tie to themselves.
But several objections were token in the court below and are notv ins'-'ted on in this court, to the evidence on the part of the defendants, in the deduction of their title from the original pao nt.ee, These objections, so far as tbev merit the attention of the court, seem to be predicate;! upon die idea that it was necessary the defendant:, should shew that the legal title was regularly convex ed to them, before thrv could avail themselves or the protection of the patent under which they claim. This idea is certainly incorrect. In England it is a general rule, that it is sufficient for the defendant in ejectment to prove a subsisting title out of the plaintiff, although he can shew no title in himself; because the plaintiff must succeed upon the strength of his own title, and not upon the weakness of his adversary’s, How far this doctrine ought to be applied to adverse titles having distinct origins, need not in this case be determined. The evidence produced on the part of the defendants was clearly competent for the purpose of shewing that their possession was not tortious, but legal, and with the consent of the patentee, under whose right they claim protection. Without therefore deciding whether the evidence was sufficient to establish in them a complete legal title, we have no hesitation in saying that they have proven such a right under the patent as authorises them to avail themselves of its protection against an adverse grant. The objections therefore to the admission of the evidence were correctly overruled by the court belowv
Judgment affirmed^ Sec.